UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60858-SMITH/VALLE

JAIME I. REYES,

    Plaintiff,

v.

VILLAGIO OF SAWGRASS INC., *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon the Joint Motion for Approval of the Parties' FLSA Settlement Agreement and for Dismissal with Prejudice (ECF No. 74) (the "Motion"). U.S. District Judge Rodney Smith has referred this matter to the undersigned to conduct a fairness hearing, required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). (ECF No. 4 at 2).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory overtime and minimum wage provisions. (ECF No. 1); *see* 29 U.S.C. § 201 *et seq*. On February 7, 2023, the District Judge held a calendar call where the parties indicated that they were ready to commence trial on February 13, 2023. (ECF No. 70). On February 10, 2023, Plaintiff filed a Notice of Settlement. (ECF No. 72). The instant Motion followed. (ECF No. 74).

Before the Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a

bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355.  In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties have filed the FLSA Settlement Agreement and Release (ECF No. 74 at 6-14) (the "Settlement Agreement").  The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case rather than proceed to the scheduled trial.  The Court also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel.  Indeed, the record indicates that Plaintiff amended his Statement of Claim, which reflects a decrease in estimated unpaid wages and further supports the conclusion that liability/claim amount was vigorously disputed.  *Compare* (ECF No. 7), *with* (ECF No. 41).  Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff and the amounts designated for attorney's fees and costs.  Accordingly, based on a review of the extensive litigation record that spanned approximately two years and included

the exchange of discovery (including several depositions), the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

In addition, along with the Settlement Agreement, Plaintiff's counsel has filed a Declaration and billing records in support of the Motion. *See* (ECF No. 74 at 16-44). The Court has considered the litigation history and the parties' Settlement Agreement to evaluate "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned respectfully recommends that:

(i) the Joint Motion for Approval of the Parties' FLSA Settlement Agreement and for Dismissal with Prejudice (ECF No. 74) be **GRANTED** and the Settlement Agreement be **APPROVED**;

(ii) the case be **DISMISSED WITH PREJUDICE**; and

(iii) the District Court retain jurisdiction for 30 days from the date of its Order approving the Settlement Agreement.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on February 14, 2023.

/s/ Alicia O. Valle
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record